A CERTIFIED TRUE COPY

FEB 1 1 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

**DOCKET NO. 1642**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 4 2005

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE POLYCHLOROPRENE RUBBER (CR) ANTITRUST LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### TRANSFER ORDER

Now before the Panel is disposition of a new docket, MDL-1642, which involves two motions that currently encompass the eight actions listed on the attached Schedule A.[1] The motions are brought, pursuant to 28 U.S.C. § 1407, by parties seeking Section 1407 centralization of actions involving allegations of price fixing in the market for polychloroprene rubber ("CR"). Disposition of the MDL-1642 matter is also intertwined with an earlier Panel docket, because one of the actions subject to the MDL-1642 motions (Northern District of Ohio's "*Goodyear*") is also currently the subject of a Panel order conditionally transferring *Goodyear* to the District of Connecticut for inclusion in MDL-1542, a docket previously centralized by the Panel in the District of Connecticut (before Judge Peter C. Dorsey) that involves allegations of price fixing in the market for ethylene propylene diene monomer ("EPDM"). *See In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, 277 F.Supp.2d 1373 (J.P.M.L. 2003). The *Goodyear* plaintiff asserts claims alleging an EPDM price-fixing conspiracy, a CR price-fixing conspiracy, and a combined CR/EPDM price-fixing conspiracy.

The first of the MDL-1642 Section 1407 transfer motions was brought by three common defendants, Bayer Corp., a Bayer Corp. subsidiary, and Polimeri Europa Americas Inc. These movants sought centralization of five then known to be pending actions: Northern District of Ohio's *Goodyear*, a now terminated District of District of Columbia action (*Alco*) (*supra*, note 1), and three additional actions pending in the Central District of California (one action) and the Western District of Pennsylvania (two actions). Initially these moving defendants sought centralization of the five actions in the Southern District of Texas or, alternatively, the Western District of Pennsylvania. By the time of their reply brief, however, these movants changed their position i) to agree with varying other respondents that *Alco* should not be included in 1407 centralization, and ii) to reverse their

---

[*]Judge Motz took no part in the disposition of this matter.

[1]The first filed Section 1407 motion pertained to an additional District of Columbia action, *Alco Industries, Inc. v. DuPont Dow Elastomers LLC*, C.A. No. 1:04-588, that was terminated pursuant to an entry of judgment on Nov. 22, 2004. Accordingly, the question of Section 1407 transfer with respect to this action is now moot.

asserting an EPDM conspiracy, one asserting a CR conspiracy, and one asserting a single EPDM/CR conspiracy. While mechanisms are available to the Panel whereby the *Goodyear* EPDM claim could be included in MDL-1542 in that docket's District of Connecticut transferee district and the *Goodyear* CR claim could be included in MDL-1642 in any separate transferee district selected for that litigation,[2] this approach would still present the question of where to transfer *Goodyear's* joint EPDM/CR claim. By choosing to assign this litigation to the transferee court where MDL-1542 is already pending, this problem is, in essence, avoided. Regardless of the docket in which *Goodyear* is "officially" included, the single transferee judge will have the flexibility to structure proceedings in both MDL-1542 and MDL-1642 so that any common matters may be addressed jointly, while still ensuring that any matters unique to CR or EPDM claims or parties may proceed on their own separate tracks. Accordingly, there is no need at this point to subdivide *Goodyear*. The Panel will therefore include the entire action in MDL-1642.[3]

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A are transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Peter C. Dorsey for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

[2] Because 28 U.S.C. § 1407 only permits actions (not claims) to be transferred by the Panel, but does permit the Panel to remand claims in advance of other claims in a previously transferred action, the Panel could achieve this result by an order i) transferring *Goodyear* in its entirety from the Northern District of Ohio to the MDL-1542 transferee court in the District of Connecticut, ii) simultaneously remanding to the Northern District of Ohio the CR claims in *Goodyear*; and iii) retransferring the resulting Northern District of Ohio action to the district selected as the MDL-1642 transferee forum.

[3] In light of the decision to include *Goodyear* in its entirety in MDL-1642, the Panel has, by separate order also entered today, vacated its June 14, 2004 order (currently stayed) conditionally transferring *Goodyear* for inclusion in MDL-1542. *See In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, MDL-1542 (J.P.M.L., Feb. 4, 2005) (unpublished order).

**UNITED STATES DISTRICT COURT**
DISTRICT OF CONNECTICUT
OFFICE OF THE CLERK
UNITED STATES COURTHOUSE
141 CHURCH STREET
NEW HAVEN, CT 06510

KEVIN F. ROWE
CLERK

TEL. NO. 773-2140
(AREA CODE 203)

VICTORIA C. MINOR
CHIEF DEPUTY CLERK

LORI INFERRERA
DEPUTY-IN-CHARGE
NEW HAVEN

February 18, 2005

Mr. James A. Drach
Clerk's Office, US District Court
Western District of Pennsylvania
PO Box 1805
Pittsburgh, PA 15230-1805

Re: MDL-1642 -- In Re Polychloroprene Rubber (CR) Antitrust Litigation

Dear Mr. Drach:

Enclosed is one certified copy of an order filed by the Judicial Panel on Multi District Litigation. The Panel has determined that it is appropriate to transfer all cases relating to this matter to the District of Connecticut, to the docket of the Honorable Peter C. Dorsey, Senior United States District Judge.

The following files along with certified copies of the docket should be transferred to my attention at the above address.

Standard Rubber Products, Inc. V Bayer AG, et al, CA No. 2:04cv581
RBX Industries, Inc. V Bayer Corp., et al, CA No. 2:04cv1050
Rubber Millers, Inc. V Bayer AG, et al, CA No. 2:04cv1155
Crossfield Products Corp. V Bayer AG, et al, CA No. 2:04cv1156
Alfa Adhesives, Inc. V Bayer AG, et al, C.A. No. 2:04cv1238

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Kevin F. Rowe, Clerk

By: Lori Inferrera
Deputy-in-Charge

Enclosure

cc: Judicial Panel on Multidistrict Litigation