# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| _____ | : | |
| IN RE POLYCHLOROPRENE RUBBER (CR) | : | |
| ANTITRUST LITIGATION | : | Docket No. 3:05 MD 1642 (PCD) |
| _____ | : | |
| | : | |
| THIS DOCUMENT RELATES TO | : | ALL ACTIONS |
| _____ | : | |

## PRACTICE AND PROCEDURE ORDER

1. This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order, effective February 4, 2005 [Doc. No. 1], as well as all related actions originally filed in this Court or transferred or removed to this Court. This Order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation.

2. The actions described in paragraph 1 of this Order are consolidated for pretrial purposes.

3. A Master File has been established for this proceeding. The Master File Docket Number is Civil Action No. 3:05 MD 1642 (PCD). One docket will be maintained for these actions, and all entries will be docketed in the Master File.

4. An original of this Order shall be filed by the Clerk in the Master File and in the files for each of the individual actions consolidated under the Master File Docket Number.

5. Every pleading filed in these consolidated actions shall bear the following caption:

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| IN RE POLYCHLOROPRENE RUBBER (CR) | : | |
| ANTITRUST LITIGATION | : | Docket No. 3:05 MD 1642 (PCD) |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO | : | [ALL ACTIONS or DOCKET NUMBER(S)] |
| | : | |
| | : | |

6. When a pleading relates to all actions to which this Order applies, the words "All Actions" shall appear immediately below the Master File Docket Number in the caption. When a pleading relates only to some, but not all, such actions, the docket number for each action to which the pleading relates shall appear immediately below the Master File Docket Number in the caption.

7. Any document that is to be filed in any of these actions shall be filed with the Clerk of this Court and not with the transferor district court.

8. Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance with this Court.

9. These consolidated actions are designated as electronically filed cases. Documents shall be filed electronically and posted to the Master File, unless the documents cannot be reduced to electronic form, as described in this District's CM/ECF Policies and Procedures Manual. All counsel shall familiarize themselves with this District's CM/ECF Policies and Procedures Manual, which governs electronically filed cases. The CM/ECF Manual can be found at www.ctd.uscourts.gov/cmecf. Prior to the initial pretrial conference, each counsel of record shall complete and submit an "Electronic Filing Attorney Registration Form," also available from the Court's website.

2

10. Any document filed electronically will be served by operation of the Court's electronic filing system on all counsel who have an email address on record with the Court. It is not necessary for counsel to serve such documents on such counsel; however, paper copies shall be served on any counsel having only a street address on file with the Court.

11. Courtesy copies of dispositive motions and emergency motions should be provided to chambers. Unless otherwise ordered, courtesy copies of all other electronically filed documents should not be provided to chambers.

12. In order to comply with Rule 5.2(d) of the Judicial Panel on Multidistrict Litigation, the Clerk's Office shall maintain a Panel Attorney Service List. Attorneys who wish to have their names added to or deleted from the Panel Attorney Service List may do so upon request to the Clerk of this Court with notice to all other persons on such service list. Only one attorney for each party separately represented shall be included on such list.

13. Prior to the initial pretrial conference, counsel for each group of parties whose interests are aligned shall designate liaison counsel, subject to the approval of the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Pursuant to Rule 5.2(e) of the Panel's Rules of Procedure, liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.

14. Prior to the first pretrial conference, counsel for each group of parties whose interests are aligned shall confer to consider whether to seek the appointment of lead counsel or a

committee of lead counsel (e.g., an executive committee) to act on behalf of multiple parties.

15. No parties to any of these actions shall be required to obtain local counsel in this District and the requirements of Rules 83.1(c) and 83.1(d) of the Local Rules of this Court are waived for any attorney appearing in these actions who is duly admitted to practice before any United States Court.

16. Hearings shall not be held on any motions, except by order of Court upon such notice as the Court may direct.

17. Any electronic document filed in any of these actions that seeks substantially identical relief as any other electronic document filed in another of these actions shall be sufficient if it incorporates by reference the other electronic document. When counsel for more than one party plan to file substantially identical documents, they shall join in the submission of such documents and shall electronically file only one document on behalf of all interested parties.

18. Any orders including protective orders previously entered by this Court or any transferor District Court shall remain in full force and effect unless modified by this Court.

19. All discovery in these actions is stayed until further order of this Court. The time requirements to perform any acts or file any papers pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled until the initial pretrial conference, when a discovery schedule will be established.

20. Plaintiffs shall electronically file a Consolidated Amended Complaint within 30 days of the entry of this Order.

21. Defendants shall electronically answer, move or otherwise respond to the Consolidated Amended Complaint within 30 days of its filing. Defendants shall not be required

to respond to any of the previously filed complaints.

22. Counsel for all parties shall appear at an initial pretrial conference at **11:00 a.m**. on

**Friday, April 8, 2005**. The conference will be held in Conference Room No. 106, United States

Courthouse, 141 Church Street, New Haven, Connecticut, 06510.

23. Counsel are urged to meet and confer regarding the topics to be addressed at the

initial pretrial conference, which shall include:

> a. organization of counsel into cooperating groups;
>
> b. appointment of lead and liaison counsel or counsel committees;
>
> c. the scope and timing of discovery, including expert witness discovery;
>
> d. electronic discovery issues;
>
> e. foreign discovery issues;
>
> f. discovery motion practice;
>
> g. dispositive motion procedures and schedule;
>
> h. mechanisms for promoting settlement;
>
> i. related actions pending in state courts; and
>
> j. other issues that may affect the efficient progress and resolution of these

actions.

Dated at New Haven, Connecticut, this  8th  day of March 2005.

_____
/s/
Peter C. Dorsey
United States District Judge
